IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) |
| --- | --- |
| | ) |
| v. | ) CR 9-339 |
| | ) CV 15-1525 |
| JAY G. MATHIS | |

**OPINION AND ORDER**

**SYNOPSIS**

In this matter, in two separate trials due to severed Counts in original and superseding indictments, on March 29, 2012 and June 27, 2012, a jury convicted Defendant of crimes related to an armed robbery in 2009. Defendant was sentenced in March of 2013.[1] Defendant appealed unsuccessfully, and then filed a petition for certiorari, which was denied on October 14, 2014. Before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255, asserting ineffective assistance of trial and appellate counsel, and entitlement to relief based on Johnson v. United States, 135 S. Ct. 2551 (2015). The Government filed a Motion to Dismiss Defendant's non-Johnson claims on timeliness grounds. For the following reasons, Defendant's Motion will be denied, and the Government's granted.

---

[1] Judge Lancaster presided over this matter before it was transferred to my docket on November 5, 2015. The original indictment charged four counts – attempted armed bank robbery, 18 U.S.C. § 2113(a), attempted armed robbery, 18 U.S.C. § 2113(d), possession of a firearm by a felon, 18 U.S.C. § 922(g), (e), and use of a firearm during and in relation to a bank robbery, 18 U.S.C. § 924(c) -- stemming from an incident on January 9, 2009. A superseding indictment added three counts arising out of a June 19, 2009 incident – Hobbs Act robbery, 18 U.S.C. § 1951; possession of a firearm by a felon, 18 U.S.C. § 922(g), (e); and using and carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c).

1

**OPINION**

**I. APPLICABLE STANDARDS**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Moreover, conclusory allegations in a § 2255 petition "may be disposed of without further investigation by the District Court." United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000). A district court must "accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005) (citations omitted). However, vague and conclusory allegations contained in a Section 2255 petition may be disposed of without a hearing. Johnson v. United States, 294 Fed. Appx. 709 (3d Cir.2008). I further note that pro se pleadings are to be construed liberally, and I have so construed those submissions of Defendant's that were filed pro se.[2] See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). In this case, a hearing is unnecessary, and the Motions will be disposed of on the record.

---

[2] In this case Defendant's counseled filings supplemented but did not necessarily supplant his pro se filings; in order to ensure that all contentions receive fair contemplation, both pro se and counseled submissions have been considered.

2

## II. THE GOVERNMENT'S MOTION TO DISMISS

The Government has moved to dismiss Defendant's non-sentencing claims as time-barred.[3] Section 2255 imposes a one-year limitation period, which runs, inter alia, from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). In turn, a conviction becomes final when the Supreme Court denies certiorari. United States v. Pelullo, 305 Fed. Appx. 823 (3d Cir. 2009). Here, certiorari was denied on October 14, 2014. Defendant then filed a Motion to extend the time to file a Section 2255 Motion. In the Motion, Defendant indicated that he intended to seek relief based on Johnson. The Motion is dated October 28, 2015, the envelope is postmarked November 2, 2015, and the Motion was placed on this Court's docket on November 5, 2015. I denied the Motion by Order dated November 6, 2015 advising Defendant that the limitations period had already passed. The Order advised Defendant that he was free to file a Section 2255 Motion and that timeliness questions could be more fully considered at that time.[4] Soon after, Defendant filed a Motion to Vacate dated November 14, 2015, on various grounds related to the ineffectiveness of trial and appellate counsel. On December 29, 2015, the Government moved to dismiss Defendant's Motion, on grounds that it was untimely. The earliest operative date is October 28, 2015, when Defendant first attempted to assert Section 2255. By that time, the one-year limitations period had expired by approximately two weeks.

Defendant, however, argues that the limitations period should be tolled. Equitable tolling is available when a movant shows that he faced "extraordinary circumstances that stood in the way of timely filing," and that he exercised reasonable diligence. Pabon v. Mahanoy, 654 F.3d

---

[3] Because Defendant's Johnson argument was asserted within one year of the Supreme Court's decision in that case, the Motion is timely to that extent and is separately addressed infra in the body of the Opinion.
[4] A District Court may not rule on the timeliness of a Section 2255 petition until such a petition is actually filed, and thus should not grant an out-of-time motion for extension. See, e.g., United States v. Bronson, No. 03-87, 2009 U.S. Dist. LEXIS 53912, at *9 (W.D. Pa. June 25, 2009); Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001).

385, 399 (3d Cir. 2011). "Routine aspects of prison life such as lockdowns, [and] lack of access to legal resournces" do not constitute "extraordinary circumstances" for purposes of equitable tolling. Garrick v. Vaughn, No. 00-4845, 2003 U.S. Dist. LEXIS 26203, at **10-11 (E.D. Pa. Sept. 5, 2003). "[L]imited access to the prison's legal research materials…does not by itself warrant equitable tolling of § 2255(f)(1)'s one-year limitation period." Gadsen v. United States, No. 15-551, 2015 U.S. Dist. LEXIS 169534, at *17 (W.D. Pa. Dec. 18, 2015). "It is not enough that a petitioner be denied access to critical legal information or materials for a discrete period of time within the statute of limitations period; a petitioner must demonstrate some extraordinary circumstances caused his inability to file a timely petition." United States v. Bronson, No. 03-87, 2009 U.S. Dist. LEXIS 53912, at *16 (W.D. Pa. June 25, 2009). Indeed, "most courts have concluded that prison lockdowns and the resulting denial of access to legal materials do not amount to extraordinary circumstances supporting equitable tolling." Banzant v. United States, No. 13-2795, 2016 U.S. Dist. LEXIS 83455, at *13 (W.D. Tenn. June 28, 2016). Likewise, "procedural ignorance" does not justify tolling; nor does lack of legal knowledge or training, or a mistake regarding applicable law. See, e.g., Rivers v. United States, 416 F.3d 1319, 1321 and 1323 (11th Cir. 2005); Gadsen, 2015 U.S. Dist. LEXIS 169534, at *11; Vaughn, 2003 U.S. Dist. LEXIS 26203, at *10.

  Defendant's tolling argument rests on assertions of limited access to the law library and computers. He has also evidenced an earlier, mistaken belief as to the applicable deadline. He argues that during the time since the Supreme Court denied his petition for certiorari on October 14, 2014, he was restricted to his cell and denied access to the law library and computers at various times. Defendant has submitted evidence that his facility was on modified movement from July 27 - September 8, 2015; October 6 - 19, 2015; and October 22 - 27, 2015. There is no

4

evidence or allegation that Defendant lacked access to his legal file during any of these time periods. Further, Defendant apparently believed that the applicable filing deadline was November 14, 2015. Predecessor counsel believes that Defendant was notified by mail, on October 16, 2016, that certiorari had been denied. There are, however, no documents in the record regarding this notification. Defendant does not state when he learned that certiorari had been denied.

Even accepting as true all of Defendant's assertions, it is clear that he had sufficient time to prepare and submit a petition prior to the expiration of the one-year limitations period. A significant amount of time, for example, passed between the denial of certiorari and the first instance of modified movement. In light of Defendant's total time not on restricted movement during the pertinent year, it is unclear how modified movement impacted Defendant's ability to prepare and file a Motion within the applicable time period. Likewise, Defendant does not show that he took action in pursuit of a timely filing during the time when his facility was not on modified movement. The grounds for Defendant's challenges to his counsel's conduct arose before and during trial in 2013; there is no suggestion that Defendant was prevented from filing a "basic pro se habeas petition" within the statutory time frame. See Young v. Piazza, No. 06-1993, 2006 U.S. Dist. LEXIS 98431, at *11 (E.D. Pa. Aug. 29, 2006). Counsel notes that Defendant was without access due to modified movement for almost twenty percent of the yearlong limitations period; eighty percent of the year, however, remained available to him. In addition, although Defendant argues that the separate trials created an unusually complicated situation, the issues raised in Defendant's Motion are not overly complex. Finally, because Defendant expressed the belief that his deadline was November 14, 2015, and sought an extension of that deadline after the actual deadline had passed, it is not apparent that he would

5

have filed his Motion within the one-year limitations period, had his access to the library remained unfettered.

### III. DEFENDANT'S SECTION 2255 MOTION

#### A. Ineffective Assistance of Counsel

Lest Defendant feel victimized by a technicality or chronological near-miss, I have carefully scrutinized Defendant's averments alongside the entire record pertinent to his challenges. Having done so, I conclude that his claims would be denied even if they had been timely raised. Defendant argues that trial counsel was ineffective when he failed to seek Judge Lancaster's recusal, on grounds that Judge Lancaster acted as counsel for Defendant in a criminal matter in 1985 or 1986 and the two had a dispute over fee payment; failed to adequately advise Defendant regarding a guilty plea; failed to seek or object to certain jury instructions; and due to a breakdown in attorney/client relations. With respect to appellate counsel, Defendant argues that she failed to raise and brief meritorious issues. He further contends that the District Court erred in denying a suppression motion.

Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984) requires that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and was outside the wide range of professionally competent assistance; and that counsel's deficient performance prejudiced the petitioner. The Court is to "'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' i.e., that 'the challenged action 'might be considered sound trial strategy.'" United States v. Clark, 652 F. App'x 103, 105 (3d Cir. 2016) (quoting Strickland, 466 U.S. at 689). Prejudice involves a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quoting Strickland, 466 U.S. at 668).

6

Further, an attorney is not required to raise frivolous arguments, or even every non-frivolous argument; she is also not required to raise issues solely because her client wishes her to do so. See, e.g., Gardner v. United States, No. 05-86, 2013 U.S. Dist. LEXIS 100692, at *17 (W.D. Pa. July 18, 2013). Moreover, "not requesting a lesser-included offense instruction is objectively reasonable where that instruction is inconsistent with defendant's theory of defense." United States v. Ware, No. 8-625, 2013 U.S. Dist. LEXIS 170536 (E.D. Pa. Dec. 2, 2013).

Although I do not review each contention in detail here, Defendant's contentions demonstrate their inability to meet the standards imposed by Strickland. For example, Defendant has not demonstrated that Judge Lancaster was anything other than impartial and unbiased, and has not suggested that the result would have been different had counsel sought Judge Lancaster's recusal. The mere fact of a single instance of prior attorney/client relationship, years prior to Defendant's trial, does not necessarily create grounds for such a request. As regards plea negotiations, Defendant describes conversations well in line with prevailing norms; his conclusory contentions that counsel failed to impart "information, knowledge, and legal advice" are too vague and conclusory to provide a basis for relief. Further, the record is devoid of suggestion that a lesser included offense instruction would have dovetailed, in any respect, with Defendant's trial strategy. Likewise, counsel's advice and decisions, whether regarding Judge Lancaster's presence or other challenged trial and jury-related matters, might be considered sound trial strategy in the context of this case – indeed, Defendant's account of counsel's proffered reasons support such a conclusion. For the reasons stated supra, appellate counsel was not ineffective for failing to raise those issues. Lastly, the Court's suppression decision is not a matter properly resolved in a Section 2255 petition. In sum, even if Defendant's pro se

contentions were not time-barred, he has not demonstrated that counsel was constitutionally ineffective, or demonstrated the required prejudice.

### B. Sentencing

It is now well settled that sentencing enhancements imposed pursuant to the residual clause of the Armed Career Criminal Act ("ACCA") cannot stand, unless the enhancement is supported on grounds other than the residual clause; likewise, it is settled that this principle applies retroactively to cases on collateral review. The Government bears the burden to establish that a sentencing enhancement rests on a proper foundation. United States v. Evans, No. 02-01, 2015 U.S. Dist. LEXIS 172471, at *6 (W.D. Pa. Dec. 29, 2015).

In this case, the presentence report ("PSR") specifies that Defendant was a career offender under U.S.S.G. § 4B1.4, and also an armed career criminal under ACCA. As support for the enhancements, the PSR identified multiple prior convictions, including state court convictions for robbery, and three federal convictions for bank robbery. The federal convictions resulted from Defendant's plea of guilty to three counts of bank robbery at this Court's docket number 98-21, for which he was sentenced in 1998. Absent objections from either party, the Court adopted the PSR and determined that Defendant was both an armed career criminal and a career offender.

#### 1. Procedural Default

The Government, in cursory fashion, contends that Defendant has procedurally defaulted his claim. A petitioner's default may be excused by a showing of cause for the default, and prejudice arising from failure to consider the claim. A claim that "is so novel that its legal basis is not reasonably available to counsel" may constitute cause for procedural default. Reed v. Ross, 468 U.S. 1, 16 (1984). Courts have "consistently ruled that cause and prejudice

excuse…procedural default in the Johnson context." Mitchell v. United States, No. 17-02341, 2017 U.S. Dist. LEXIS 103473, at *19 (W.D. Tenn. July 5, 2017); see also United States v. Harris, 205 F. Supp. 3d 651, 658 (M.D. Pa. 2016). Under the circumstances, I will consider the substance of Defendant's Johnson claim.

### 2. Predicate Offenses

Three of the predicate convictions at issue involve bank robbery in violation of Section 2113(a), which reads as follows:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113.

Section 2113(a) has been deemed divisible and subject to the modified categorical approach. United States v. Stanford, No. 08-307, 2016 U.S. Dist. LEXIS 171032, at *11 n.10 (M.D. Pa. Oct. 18, 2016). Accordingly, the Court may look to documents approved by Shepard v. United States, 125 S. Ct. 1254 (2005), including charging instruments, to determine which statutory elements were involved in Defendant's convictions.

The indictment filed at this Court's docket number 98-21 contains three Counts: One for a violation of 18 U.S.C. § 2113(a) occurring on September 22, 1997; one for a violation of

9

Section 2113(a) occurring on October 16, 1997; and one for a violation of Section 2113(a) occurring on October 27, 1997. Each Count specifically charges that Defendant "by force, violence, and intimidation, did take [money] from the person or presence of another," thus negating the possibility that he was convicted under other provisions of the statute. Defendant pleaded guilty to all three Counts, and was sentenced accordingly by Judgment dated June 26, 1998.

A bank robbery by force and violence or intimidation involves the "use, attempted use, or threatened use of physical force," as required by ACCA's force clause. See, e.g., United States v. Horsting, 678 F. App'x 947, 947 (11th Cir. 2017); United States v. McBride, 826 F.3d 293, 295 (6th Cir. 2016); United States v. McNeal, 818 F. 3d 141, 153 (4th Cir. 2016); Stanford, 2016 U.S. Dist. LEXIS 171032, at *13;18 U.S.C. § 924(e)(2)(B)(i).[5] Therefore, Defendant's ACCA sentence was properly supported, and his contentions must be rejected.

As a final matter, Defendant also challenges the use of the underlying crime of Hobbs Act robbery, 18 U.S.C. § 1951(b), for purposes of his conviction for violating 18 U.S.C. § 924(c). Defendant's contention that Hobbs Act robbery no longer qualifies as a crime of violence in the context of Section 924(c) must be rejected. See United States v. White, 678 F. App'x 80, 80 (3d Cir. 2017) (citing United States v. Robinson, 844 F. 3d 137 (3d Cir. 2016)).

## CONCLUSION

In sum, Defendant has not demonstrated a fundamental defect that inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure. His Motion will be denied, and no certificate of appealability shall issue.

---

[5] But see Gibson v. United States, 2017 U.S. App. LEXIS 5737, at **8-9 (11th Cir. Mar. 8, 2017).

**III. CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." When a district court denies a § 2255 motion on a procedural ground, without reaching the underlying constitutional claim, a certificate of appealability should issue only if jurists of reason would find the district court's procedural ruling debatable, and the petition states a valid claim that constitutional rights were denied. United States v. Deaderick, No. 8-174, 2016 U.S. Dist. LEXIS 27027, at *7 (W.D. Pa. Mar. 3, 2016). Under these standards, a certificate of appealability should not, and will not, issue.

**CONCLUSION**

In sum, Defendant's Motion must be denied, and the Government's Motion to Dismiss granted in part and denied in part. No certificate of appealability shall issue. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR 9-339 |
| | ) CV 15-1525 |
| JAY G. MATHIS | ) |

**ORDER OF COURT**

AND NOW, this 31st day of August, 2017, it is hereby ORDERED, ADJUDGED, and DECREED that the Government's Motion to Dismiss is GRANTED in part and DENIED in part, to the extent that Defendant's <u>Johnson</u> petition was timely. It is further ordered that Defendant's Motion to Vacate, including all amendments and supplements thereto, is DENIED. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court